IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DUDLEY, #57210 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No.  12-cv-598-MJR |
| | ) |
| LT. PETE MOORE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff James Dudley, currently detained at the Madison County Jail, brought this *pro se* civil rights action pursuant to **42 U.S.C. § 1983**. Dudley claims that he is deprived of the opportunity to practice his sincere religious beliefs in violation of the free exercise clause of the First Amendment. Dudley adheres to Muslim dietary beliefs. He claims that his diet includes honey buns as a breakfast meal. He has learned that the list of ingredients for honey buns includes mono-diglycerides and/or diglycerides and suspects that one or both might be derived from an animal source – more specifically, pork. Consumption of a pork byproduct is forbidden to Dudley by the Holy Qur'an and, while Dudley may skip breakfast, he has no opportunity to substitute an alternative meal with food purchased from commissary. He seeks prospective relief in the form of an order directing the Madison County Jail to provide him with a breakfast meal that does not contain a pork byproduct. When Dudley attempted to resolve this issue, he was informed that the jail had no evidence that the honey buns served to inmates contain pork byproducts.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. It is well established that prisoner have the right to freely exercise their religious beliefs. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348(1987). However, a prisoner's right to freely

exercise his religious beliefs does not depend on his ability to pursue each and every aspect of a preferred religious practice.  If the prison has sound penological interests supporting the restriction and those interests outweigh the prisoner's religious interests, the restriction does not violate the First Amendment.  *Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir.1996).

The Court finds that plaintiff has not articulated a colorable federal cause of action. Accepting the allegations as true and drawing reasonable inferences in Dudley's favor, he has sincere religious beliefs which require him to adhere to a non-pork (and non-pork byproduct) diet.  For this analysis, it is assumed that the defendant is serving honey buns containing mono-diglycerides and/or diglycerides.  Even so, Dudley does not know whether the additives in these honey buns were derived from pork.  The answer may be yes or may be no.[1]  Because Dudley does not know, it would be unreasonable to infer that the defendant knows the honey buns contain a pork byproduct and is refusing to accommodate Dudley's religious dietary needs by offering a substitute.  For this reason, a federal claim for relief is not plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(facts must permit an inference of more than a mere possibility of misconduct).

This action is DISMISSED without prejudice for failure to state a claim for relief.  A strike is assessed for the purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: August 17, 2012**

    *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] Mono and diglycerides, also known as diacylglycerol, may be derived from an animal or vegetable source or may be synthetically produced.  Wiki Doc (August 16, 2012), http://www.wikidoc.org/index.php/Diglyceride